IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Perry, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00447 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| Michael J. Astrue, | : | Magistrate Judge Abel |
| Commissioner of Social Security, | | |
| Defendant | : | |

**ORDER**

Plaintiff Michael Perry brings this action under 42 U.S.C. §§405(g) and 1383(c)(3)

for review of a final decision of the Commissioner of Social Security denying his

application for Disability Insurance and Supplemental Security Income benefits.  This

matter is before the Court on the Magistrate Judge's November 10, 2010 Report and

Recommendation that plaintiff's motion for remand pursuant to sentence six of 42

U.S.C. § 405(g) be granted.

 **Summary of Issues.**  Plaintiff argues that this case should be remanded pursuant

to sentence six of 42 U.S.C. § 405(g) based on medical reports that were not submitted

prior to the hearing before the administrative law judge. When Perry's attorney

questioned him about his medical records, Perry indicated that the Social Security

Administration ("SSA") had referred him to several doctors for medical examinations.

The medical record indicated that Perry had been referred by the SSA to three medical

examinations. Sometime afer the administrative law judge issued her June 26, 2009

decision, Perry telephoned his attorney and reported that the SSA had once again

referred him to the doctors that had previously evaluated him. At that point, Perry's attorney realized that his client had been mistaken about the referral source of the previous examinations. Upon closer inspection, Perry realized that the Ohio Department of Jobs and Family Services was the referral source. His attorney obtained the records from the previous examinations. He seeks remand based on these records.

**Procedural History.**  Plaintiff Michael Perry filed his application for disability insurance benefits on January 26, 2006, alleging that he became disabled on April 1, 2005, at age 49, because of a plate in his left leg, arthritis, dyslexia, and obesity.  (R. 51, 62.)  The application was denied initially and upon reconsideration.  Plaintiff sought a *de novo* hearing before an administrative law judge.  On April 16, 2009, an administrative law judge held a hearing at which plaintiff, represented by counsel, appeared and testified.  (R. 368.)  A vocational expert also testified.  On June 26, 2009, the administrative law judge issued a decision finding that Perry was not disabled within the meaning of the Act.  (R. 27.)  On March 19, 2010, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security.  (R. 3-5.)

**Age, Education, and Work Experience.**  Perry was born June 6, 1956.  (R. 51.) Perry has a high school education.  (R. 67.)  He has worked as a truck driver.  He engaged in work after April 1, 2005 but it did not constitute substantial gainful activity. (R. 62, 13.)

2

**Plaintiff's Testimony**.  The administrative law judge fairly summarized Perry's testimony as follows:

> The claimant testified to the presence of incapacitating discomfort and associated functional limitations . . . .
>
> [H]is job as a parking lot attendant required him to stand most of the day. However, in a questionnaire completed by the claimant in 2006, he reported that he worked five hours per day and sat all five hours (Exhibit 5E, p. 2). Likewise, the claimant testified at the hearing that the security job also required him to be on his feet most of the day and that he could only sit five to 10 minutes. However, in a questionnaire completed by the claimant in 2006, he reported that he could sit for three hours during the day.

(R. 23, 24.)

**Medical Evidence of Record**.  The administrative law judge's decision fairly sets out the relevant medical evidence of record.  This Report and Recommendation will only briefly summarize that evidence that serves as the basis for plaintiff's motion to remand.

A May 2007 examination performed at the request of the Ohio Department of Job and Family Services includes x-rays indicating demineralization and mild to moderate osteoarthritic changes to plaintiff's knee. (R. 358.) A pulmonary function test indicated that Perry's test results were "nearly listing level." (R. 354.) Listing 3.02 requires a DLCO of less than 40%, and Perry's DLCO was 41%. (R. 359.)

**Administrative Law Judge's Findings**.

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.

2. The claimant has not engaged in substantial gainful activity since April 1, 2005, the alleged onset date (20 CFR §§ 404.1571 *et seq.*, and 416.971 *et seq.*,).

3. The claimant has severe impairments best described as: non-insulin dependent diabetes mellitus; hypertension; obstructive sleep apnea; obesity; a closed fracture of his femur; a mood disorder; an anxiety disorder with rule out for intermittent explosive disorder; and a remote history of polysubstance abuse. The claimant's knee pain, back pain, headaches, and dyslexia are not severe impairments (20 CFR §§ 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, it is found that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of at least two hours in an eight-hour workday; and occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. The claimant is precluded from climbing ladders/ropes/scaffolds and from lower extremity foot controls bilaterally. Mentally, the claimant can perform at the simple to low moderate task range in his ability to understand/execute simple instruction. [He] can maintain appropriate attention/concentration in the simple to very low moderate task range. Moreover, the claimant can work in a very low people contact position (i.e, the claimant is limited to superficial contract). Furthermore, the claimant should be limited to low stress work (i.e., defined as no production quotas or time pressures).

6. The claimant is unable to perform any past relevant work (20 CFR §§ 404.1565 and 416.965).

7. The claimant was born on June 6, 1956 and was 48 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date. The claimant subsequently changed age category to "closely approaching advanced age." (20 CFR §§ 404.1563 and 416.963).

4

8.    The claimant has at least a "high school" education and is able to communicate in English. (20 CFR §§ 404.1564 and 416.964).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569a, 416.969, and 416.969a).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2005 through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(R. 13-27.)

**Analysis.**  When the Appeals Council denies a claimant's request for review, the decision of the administrative law judge becomes the final decision of the Commissioner. *Casey v. Secy. of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  This Court reviews the administrative law judge's decision, not that of the Appeals Council denying the request for review. *Id.*  Consequently, only evidence of record before the administrative law judge may be considered by the District Court in reviewing the final decision of the Commissioner of Social Security denying benefits. *Cline v. Comm'r. of Social Security*, 96 F.3d 146, 148-49 (6th Cir. 1996).  A claimant may seek remand so that the evidence presented to the Appeals Council can be considered by the administrative law judge. *Id.; Gartman v. Apfel*, 220 F.3d 918, 922 (8th Cir. 2000).

Section 405(g), sentence six, provides, in relevant part:

> The court may . . . at any time order additional evidence to be taken
> before the [Commissioner], but only upon a showing that there is new
> evidence which is material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior proceeding . . . .

The evidence supporting a motion to remand must be both new and material. *Cline v.
Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). Evidence is "new only if it was 'not in
existence or available to the claimant at the time of the administrative proceeding.'
*Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)." *Foster v. Halter*, 279 F.3d 348, 357 (6th
Cir. 2001). It is material "only if there is 'a reasonable probability that the
[Commissioner] would have reached a different disposition of the disability claim if
presented with the new evidence.' *Sizemore v. Secretary of Health & Human Services*, 865
F.2d 709, 711 (6th Cir. 1988)." *Id.* Good cause is shown "by demonstrating a reasonable
justification for the failure to acquire and present the evidence for inclusion in the
hearing before the ALJ. *Willis v. Secretary of Health & Human Services*, 727 F.2d 551, 554
(1984)(per curiam). *Id.* Merely cumulative evidence does not establish good cause for a
remand. *Borman v. Heckler*, 706 F.2d 564, 568 (6th Cir. 1983); *Carroll v. Califano*, 619 F.2d
1157, 1162 (6th Cir. 1980). The plaintiff has the burden of establishing that the evidence
is new and material and that there is good cause for not having presented the evidence
to the Administrative Law Judge. *Id.*, citing, *Oliver v. Secretary of Health & Human
Services*, 804 F.2d 964, 966 (6th Cir. 1986).

The administrative law judge concluded that although his doctor diagnosed
Perry with degenerative joint disease of the knee, this impairment did not constitute a
severe impairment:

6

> A review of the medical record demonstrates that the claimant was noted to have degenerative joint disease of his knees around January 2006 by Dr. Alexander (Exhibit 11F, p. 7) (while there are earlier notations of degenerative joint disease, the notations do not specify if this concerned the claimant's knees). However, there is no objective medical evidence (such as x-rays and/or magnetic resonance imaging ("MRI") scans) to support the diagnosis. The written notation could simply be Dr. Alexander's impression, rather than a confirmed diagnosis. Additionally, there are only a few physical examinations of the claimant's knees which showed only some subjective tenderness and swelling. There is nothing more significant in the record to establish worsening symptoms and restrictive limitations. Moreover, while the claimant testified that he was prescribed a can by Dr. Alexander three years ago (i.e., around 2006), there does not appear to be any notation in Dr. Alexander's progress notes that he prescribed the cane. Given all the foregoing, and without any objective evidence to the contrary, it is feasible to find that the claimant's subjective knee pain does not have more than a minimal effect on an individual's ability to work and, therefore, is non-severe (20 CFR §§ 404.1521 and 416.921; Social Security Rulings (SSRs) 85-28, 96-3p and 96-4p.

(R. 15-16.) The administrative law judge did not make any findings with respect to whether pulmonary disease impacted Perry's ability to perform work-related activity.

The findings of the May 2007 physical examination document demineralization and mild to moderate osteoarthritic changes and constitute objective evidence of degenerative joint disease that the administrative law judge indicated the record lacked. The pulmonary function tests also suggest that plaintiff's pulmonary disease is a severe impairment that was not considered by the administrative law judge when she formulated his residual functional capacity assessment. Given the potential that these additional limitations could limit Perry to sedentary work activity, there is a reasonable probability that the administrative law judge could have reached a different decision. If the administrative law judge had concluded that he was only capable of sedentary

work, Perry would have been considered disabled according to grid determination as of his fiftieth birthday.

Finding that there is good cause for a remand, defendant's November 22, 2010 objections tot he Magistrate Judge's November 10, 2010 Report and Recommendation are OVERRULED. This action is REMANDED to the Commissioner of Social Security under the provisions of 42 U.S.C. §405(g), sentence 6, to consider the new and material evidence presented by the plaintiff in support of this motion.

This is a pre-judgment remand. *See, Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 174 (6th Cir. 1994). While the Commissioner is considering the new and material evidence on remand, this case is ADMINISTRATIVELY CLOSED.

2 - 4 - 2011

Edmund A. Sargus, Jr.
United States District Judge